JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
SEAN M. MAZOROL, OREGON STATE BAR NO. 116398
ROBERT B. FIRPO, CALIFORNIA STATE BAR NO. 243991
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

MAR 14 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

United States District Court
Southern District of Texas
FILED

APR 13 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ERNESTO GARIBAY GARZA, <br><br> Defendant. | M-23-0704-M <br> Case No. CR 23-0077-SDCN <br><br> **INDICTMENT** <br><br> 18 U.S.C. § 2 <br> 18 U.S.C. § 981(a)(1)(C) <br> 18 U.S.C. § 982(a) <br> 18 U.S.C. § 1343 <br> 18 U.S.C. § 1951 <br> 26 U.S.C. § 7206(1) <br> 28 U.S.C. § 2461(c) |

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to the Indictment:

1. The Defendant, ERNESTO GARIBAY GARZA, resided in the District of Idaho.

2. F.D.C. was an agricultural services company that operates farms throughout Idaho, including Glenns Ferry, Idaho. F.D.C. employed H-2A agricultural workers each year from approximately March to November.

INDICTMENT - 1

3. F.D.C. employed Defendant as a supervisor and foreman of H-2A agricultural workers, among other employees, at F.D.C. in Glenns Ferry, Idaho, among other locations, at least between 2005 and 2019. In that role, Defendant was responsible for recruiting, preparing and submitting timesheets for payroll based upon the number of hours that employees worked for F.D.C., including H-2A agricultural workers, and assigning various tasks and projects, among other responsibilities.

4. INDIVIDUAL 1 was an H-2A agricultural worker that worked at the F.D.C. farm in Glenns Ferry, Idaho.

5. INDIVIDUAL 2 was an employee of F.D.C. that worked at the F.D.C. farm in Glenns Ferry, Idaho.

## COUNTS ONE THROUGH TEN
### Wire Fraud
### 18 U.S.C. §§ 1343 and 2

6. The allegations set forth in Paragraphs 1 through 5 are hereby realleged as if set forth herein.

7. Beginning in or around at least May 2005 and continuing until at least in or around August 2019, in the District of Idaho and elsewhere, the Defendant, ERNESTO GARIBAY GARZA, acting with the intent to defraud, knowingly participated in, devised, and intended to devise, a scheme, plan, and artifice to defraud F.D.C. as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by failing to disclose material facts when there was a duty to disclose.

Case 7:23-mj-00704 Document 1-1 Filed on 04/13/23 in TXSD Page 3 of 8

Case 1:23-cr-0(  )7-DCN Document 1 Filed 03/14(  ) Page 3 of 8

## Manner and Means

8.  To further the objects and goals of the scheme, plan, and artifice to defraud, the Defendant, ERNESTO GARIBAY GARZA, used the following manner and means, among others:

9.  Defendant reported more hours on timesheets to F.D.C. for H-2A agricultural workers than what the H2-A agricultural workers actually worked for F.D.C.

10. As a result of Defendant reporting more hours on timesheets than actually worked by the H-2A agricultural workers, F.D.C. issued payroll checks to H-2A agricultural workers that included payment for hours that the H-2A agricultural workers did not actually work.

11. H-2A agricultural workers cashed the payroll checks from F.D.C., including payment for hours that the H-2A agricultural workers did not actually work, through financial institutions.

12. After the H-2A agricultural workers cashed their payroll checks, Defendant directed and caused INDIVIDUAL 1 to collect cash from the H-2A agricultural workers for the hours that Defendant reported to F.D.C. that the H-2A agricultural workers did not actually work. INDIVIDUAL 1 collected the cash from the H-2A agricultural workers approximately every two weeks and provided the cash to Defendant.

13. Defendant informed, both directly and indirectly, the H-2A agricultural workers that they would not be allowed to return to F.D.C. the following year if they refused to remit the cash to Defendant via INDIVIDUAL 1.

14. In 2019, Defendant directed and caused INDIVIDUAL 2 to report more hours on timesheets to F.D.C. for H-2A agricultural workers than what the H2-A agricultural workers actually worked for F.D.C.

15. F.D.C. was unaware that the payroll checks F.D.C. issued to H-2A agricultural workers were for more hours than the H-2A agricultural workers actually worked and that Defendant required H-2A agricultural workers to remit cash to Defendant via INDIVIDUAL 1.

### Executions of the Scheme

16. On or about the dates set forth below, in the District of Idaho and elsewhere, the Defendant, ERNESTO GARIBAY GARZA, for the purpose of executing, and attempting to execute the scheme described above, did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate commerce the writings, signs, signals and sounds described below as payroll checks issued by U.S. Bank and deposited into financial institution accounts listed below, which resulted in interstate wire communication and clearing of financial information between U.S. Bank and financial institutions listed below to effectuate the payroll deposits, each transmission constituting a separate count of this Indictment:

| Count | Approximate Date of Wire | Description of Wire |
|---|---|---|
| 1 | 5/16/19 | Deposit of H-2A agricultural worker J.R.G. payroll check at I.I.B via money service business A.B. |
| 2 | 6/1/19 | Deposit of H-2A agricultural worker J.R.G. payroll check at I.I.B via money service business A.B. |
| 3 | 5/16/19 | Deposit of H-2A agricultural worker I.A.C. payroll check at I.I.B via money service business A.B. |
| 4 | 6/2/19 | Deposit of H-2A agricultural worker I.A.C. payroll check at I.I.B via money service business A.B. |
| 5 | 6/16/19 | Deposit of H-2A agricultural worker I.A.C. payroll check at F.I.B. / I.I.B via money service business A.B. |

INDICTMENT - 4

| 6 | 5/16/19 | Deposit of H-2A agricultural worker P.O.C.A. payroll check at P.F.C.U. |
|---|---|---|
| 7 | 5/16/19 | Deposit of H-2A agricultural worker J.S.G. payroll check at P.F.C.U. |
| 8 | 5/31/19 | Deposit of H-2A agricultural worker J.S.G. payroll check at P.F.C.U. |
| 9 | 5/16/19 | Deposit of H-2A agricultural worker M.S.G. payroll check at P.F.C.U. |
| 10 | 5/31/19 | Deposit of H-2A agricultural worker M.S.G. payroll check at P.F.C.U. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS ELEVEN THROUGH TWENTY-EIGHT
### Extortion
### 18 U.S.C. §§ 1951 and 2

17. The allegations set forth in Paragraphs 1 through 4 are hereby realleged as if set forth herein.

18. On or about the date and times set forth below, in the District of Idaho, the Defendant, ERNESTO GARIBAY GARZA did obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce by extortion, as that term is defined in 18 U.S.C. § 1951.

19. Defendant obtained and attempted to obtain annual cash payments from the below-listed H-2A agricultural workers as a condition of future employment, with the individuals' consent induced by wrongful threat of economic harm that the H-2A agricultural workers would not be permitted to return to work for F.D.C. the following year unless they paid, contrary to H-2A rules and regulations, each constituting a separate count of this Indictment.

| Count | Approximate Date of Offense | H-2A Agricultural Worker Initials |
|---|---|---|
| 11 | April to November 2018 | P.O.C.A. |
| 12 | April to November 2019 | E.D.S.G. |
| 13 | April to November 2018 | C.G.V. |
| 14 | April to November 2019 | C.G.V. |
| 15 | April to November 2018 | L.J.G.V. |
| 16 | April to November 2018 | J.M.N. |
| 17 | April to November 2019 | J.M.N. |
| 18 | April to November 2018 | A.H.B. |
| 19 | April to November 2019 | A.H.B. |
| 20 | April to November 2018 | I.A.C |
| 21 | April to November 2018 | E.M.H. |
| 22 | April to November 2019 | E.M.H. |
| 23 | April to November 2018 | S.N.H. |
| 24 | April to November 2019 | S.N.H. |
| 25 | April to November 2018 | R.D.S. |
| 26 | April to November 2018 | A.G.V. |
| 27 | April to November 2019 | A.G.V. |
| 28 | April to November 2019 | A.M.C. |

All in violation of 18 U.S.C. §§ 1951 and 2.

INDICTMENT - 6

### COUNTS TWENTY-NINE TO THIRTY-TWO
### Filing False Tax Return
### 26 U.S.C. § 7206(1)

20. On or about the dates set forth below, in the District of Idaho, the Defendant, ERNESTO GARIBAY GARZA, did willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the tax years set forth below, which were verified by a written declaration that it was made under the penalties of perjury, and each of which was filed with the IRS, and which Defendant did not believe to be true and correct as to every material matter.

21. The returns were false and fraudulent as to material matters in that they falsely and fraudulently reported total income when Defendant knew his total income was an amount greater than stated, each tax return constituting a separate count of this Indictment:

| Count | Tax Year | Approximate Date Filed | False and Fraudulent Line Item |
|---|---|---|---|
| 29 | 2016 | 2/27/17 | Line 22—Total Income |
| 30 | 2017 | 2/1/18 | Line 22—Total Income |
| 31 | 2018 | 2/8/19 | Line 6—Total Income |
| 32 | 2019 | 2/5/20 | Line 7b—Total Income |

All in violation of 26 U.S.C. § 7206(1).

### CRIMINAL FORFEITURE ALLEGATIONS
### Fraud and Extortion Forfeiture
### 18 U.S.C. § 981(a)(1)(C)/28 U.S.C. § 2461(c)/18 U.S.C. § 982(a)

Upon conviction of the offenses alleged in Counts One through Twenty-Eight of this Indictment/Information, the Defendant, ERNESTO GARIBAY GARZA, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

INDICTMENT - 7

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendant used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable. The Defendant obtained and controlled at least $406,386 in unrecovered forfeitable property.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 14th day of March, 2023.

                            A TRUE BILL

                            /s/ [signature on reverse]

                            FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:
SEAN M. MAZOROL
ROBERT B. FIRPO
ASSISTANTS UNITED STATES ATTORNEY